# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-63V

LYNETTE SMITH,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: May 11, 2026

*Jessica A. Olins, Mctlaw, Seattle, WA, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 5, 2021, Lynette Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on October 14, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 29, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 11, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $134,159.40, comprised of the following elements - $132,500.00 for pain and suffering, $128.40 for past unreimbursed expenses, and $1,531.00 for past lost wages. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $134,159.40, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

```
************************************
LYNETTE SMITH ,                    *
                                   *
                                   *
              Petitioner,          *      No. 21-0063V
                                   *      Chief Special Master Corcoran
v.                                 *
                                   *
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
              Respondent.          *
************************************
```

## PROFFER ON AWARD OF COMPENSATION[1]

On January 5, 2021, Lynette Smith ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), as amended, alleging that she suffered a shoulder injury related to vaccine

administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of

an influenza ("flu") vaccine administered on October 14, 2019.  In the alternative, she alleged

that that she suffered right shoulder pain, impingement, bursitis, and a rotator cuff tear that were

caused-in-fact by the October 14, 2019 flu vaccination.  Petition at 4 (ECF No. 1).  On February

27, 2024, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report

indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA

Table injury.  ECF No. 26.  On February 29, 2024, the Chief Special Master issued a Ruling on

Entitlement finding that petitioner is entitled to vaccine compensation.  ECF No. 27.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

**I.      Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$132,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      Past Unreimbursed Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$128.40.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.  Past Wage Loss

Evidence supplied by petitioner documents that she incurred past wage loss related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past wage loss in the amount of **$1,531.00.**  *See* 42 U.S.C. § 300aa-15(a)(3).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award/Recommended Payment**

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A lump sum payment of $**134,159.40** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lynette Smith.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Senior Litigation Counsel
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4181
debra.begley@usdoj.gov

Dated: May 11, 2026

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, May 13, 2026, a copy of the foregoing pleading was served by

electronic mail to Jessica Olins, Esq. at jolins@mctlaw.com.

<u>s/ Debra A. Filteau Begley</u>
DEBRA A. FILTEAU BEGLEY
Senior Litigation Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-4181

Dated: <u>May 13, 2026</u>          Debra.Begley@usdoj.gov

4